IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINO AMARO, | ) | |
|     Petitioner, | ) | |
| | ) | Civil Action No. 14-114 |
| vs. | ) | Judge Kim R. Gibson/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| AMBRIDGE POLICE DEPARTMENT; | ) | |
| SGT. KLEBER; SHERIFF YASEK; | ) | |
| TOM OCHS, | ) | Re: ECF No. 1 |
|     Respondents. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "Motion"), ECF No. 1, be denied.

### II. REPORT

Amaro Valentino ("Plaintiff") is a prisoner who previously filed several lawsuits and at least one appeal, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering the pending Motion, this Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of

the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Amaro v. Vedder, No. 08-4130 (3d Cir. Opinion filed on 3/26/2009) (opinion dismissing the appeal because it "lacks any arguable legal merit" pursuant to "28 U.S.C. § 1915(e)(2)(B)(i)");[3] 2) Amaro v. Nicholas, No. 06--CV-3129 (E.D. Pa., ECF No. 11 filed 11/9/2006) (Memorandum order at 5, dismissing the case pre-service as "legally frivolous"); and 3) Amaro v. Ellis, No. 08-CV-4779 (E.D. Pa., ECF No. 12 at 7, ¶ 1

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff asserts that he is currently confined in the Baltimore City Detention Center. ECF No. 1-1 at 1, ¶ 1.

[3] In contrast to the ambiguous dismissal by the United States Court of Appeals for the Third Circuit, which was at issue in Byrd v. Shannon, 715 F.3d 117 (3d Cir. 2013) (wherein the Court cited merely to "1915(e)(2)(B)" without more specifically citing to subsections (i), (ii) or (iii), where only subsections (i) and (ii) could count as strikes), the opinion by the United States Court of Appeals for the Third Circuit in Amaro v. Vedder, No. 08-4130 specifically invokes 28 U.S.C. § 1915 (e)(2)(B)(i). Hence, there is no ambiguity as to whether the decision by the United States Court of Appeals for the Third Circuit in Amaro v. Vedder counts as a strike. See Byrd v. Shannon, 715 F.3d at 126 ("If the Court had indicated more precisely that the dismissal was based on § 1915(e)(2)(B)(i), then the result of our analysis would be different.").

Memo Order filed 2/26/2009 stating "The Complaint is DISMISSED as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)"). In fact, Plaintiff has more than three strikes. See also Amaro v. Vedder, No. 08-CV-3368 (E.D. Pa., ECF No. 5 filed on 9/23/2008) (Memorandum Order at 1, ¶ 3 dismissing complaint as "frivolous pursuant to § 1915(e)(2)(b)(I)" [sic] & id. at 2, ¶ 4 dismissing complaint as "frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)").[4] Accordingly, because Plaintiff has at least three strikes, he may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Complaint centers around the alleged actions of Ambridge Police Department and on an event that apparently occurred on September 5, 2010. Essentially, Plaintiff alleges that the Ambridge Police Department issued a "GPS/alert on my criminal back ground without proper cause." ECF No. 1-1 at 2, ¶ IV. C. By way of relief, Plaintiff states that he wants "the Court to remove this status on my record by the Ambridge Police Department." Id. at 3, ¶ VI.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent as would be required under Section 1915(g) in order to permit a prisoner to proceed IFP even though he has three strikes.

---

[4] While Amaro v. Vedder, No. 08-CV-3368 is the subject of the appeal to the United States Court of Appeals for the Third Circuit in Amaro v. Vedder, No. 08-4130 (3d Cir.), there is no bar to counting the dismissal of a case in the District Court level as one strike and the dismissal of appeal as frivolous by the Circuit Court of Appeals from the District Court's disposition as a second strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996)("both the frivolous appeal and a lower court's dismissal as frivolous count" as strikes); Hains v. Washington, 131 F.3d 1248, 1250 (7th Cir. 1997)("A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)."); Jennings v. Natrona County Detention Center Medical Facility, 175 F.3d 775, 780 (10th Cir. 1999)("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.").

Because Plaintiff has failed to assert any allegation that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

**III. CONCLUSION**

For the reasons set forth herein, it is recommended that the pending Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Date: February 13, 2014

cc: The Honorable Kim R. Gibson
United States District Judge

Valentino Amaro
#993696031
BCDC
401 East Eager Street
Baltimore, MD 21202