# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALENTINO AMARO, | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 14-114 |
| vs. | ) | Judge Kim R. Gibson/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| AMBRIDGE POLICE DEPARTMENT; | ) | |
| SGT. KLEBER; SHERIFF YASEK; | ) | |
| TOM OCHS, | ) | Re: ECF No. 1 |
| Respondents. | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on January 27, 2014, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, ECF No. 2, filed on February 13, 2014, recommended that Plaintiff's In Forma Pauperis ("IFP") application be denied because he has three strikes and that he be made to pay the filing fee by a date certain and further, if he fails to do so, his complaint should be dismissed for failure to prosecute. Service was made on the Plaintiff at his address of record. Plaintiff was given until March 3, 2014 to file objections. Plaintiff filed his objections on February 27, 2014. ECF No. 3. Nothing in those objections merits rejection of the Report or extended comment.

The Court notes that the only allegation that seems responsive to the Report is a claim that Plaintiff is under stress due to his being incarcerated. ECF No. 3 at 4, ¶¶ 17 – 18. However, Plaintiff's general allegation of mental distress is insufficient to qualify as "imminent risk of serious physical injury" within the meaning of 28 U.S.C. § 1915(g). See, e.g., Davis v. Scott, 240 F.3d 1074 (Table), 2000 WL 1835296, at *1 (5th Cir. 2000) ("Davis requests leave to

proceed in forma pauperis (IFP) on appeal, asserting that he is in imminent danger of serious physical injury because he is suffering from mental anguish and mental distress due to the defendants' violation of his constitutional rights. . . . Davis' allegations do not establish that he is under imminent danger of serious physical injury."); Wood v. Hayman, NO. CIV A 08-4797, 2009 WL 3424128, at *2 (D.N.J. March 23, 2009) (inmate's psychological injury claim that involuntary administration of unspecified prescription medications placed him in imminent danger under the § 1915(g) exception, because the medications may cause brain damage and psychological injury, did not satisfy the "imminent danger of serious physical injury" exception), *adhered to on reconsideration by*, 2009 WL 3424128 (D.N.J. Oct. 20, 2009); Cardona v. Bledsoe, No. 3:CV–11–0054, 2011 WL 1832777, at *5 (M.D.Pa. 2011) ("there is no exception to the Three Strikes Rule based upon a showing of an imminent danger of a serious *psychological* injury; rather, to fall within the exception to the Three Strikes Rule, Cardona must show an imminent danger of serious *physical* injury.").

In the alternative, we find that there is an independent basis for denying the currently pending IFP application. Plaintiff asserts in his objections that he owns a home. ECF No. 3 at 3, ¶ 11 ("Plaintiff owns a home at 1450 Cedercroft rd. Balt, Md. 21239" [sic throughout]). This is directly contrary to Plaintiff's assertions in his IFP application. The IFP application asked Plaintiff to "Identify and state the value of any real estate . . . which you own[.]" ECF No. 1 at 1, ¶ 4. Plaintiff responded "$0." Id. We find that Plaintiff has made a material misstatement in his current IFP application. He both failed to disclose the fact that he owned real estate and he failed to disclose the value thereof. Accordingly, his current IFP application would be properly denied on that basis as well. See, e.g., Galka v. Cooper, NO. CIV.A. 11-13089, 2013 WL 1499576, at *1 (E.D.Mich., April 10, 2013) ("the Court revokes Plaintiff's IFP status and

2

sanctions him for having made material misstatements on his IFP application and for his additional bad faith conduct of disobeying the Court's orders"); Witherspoon v. Roadway Exp., Inc., 782 F.Supp. 567, 570 (D.Kan., 1992) ("It is this Court's ruling that, due to the material misstatements on plaintiff's Application to Proceed In Forma Pauperis, plaintiff's in forma pauperis designation is revoked. Plaintiff is ordered to pay the $120.00 filing fee which was waived in this action due to plaintiff's in forma pauperis status to the Clerk of this Court on or before February 28, 1992. In the event plaintiff fails to pay the $120.00 filing fee on or before that date, then this action will be dismissed with prejudice.").

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Objections are overruled.

AND NOW, this 4th day of March, 2014;

**IT IS HEREBY ORDERED** that the IFP application is DENIED.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 2, filed on February 13, 2014 by Magistrate Judge Kelly, is adopted as the opinion of the Court.

Plaintiff is **ORDERED** to pay the filing fee of $400.00 by March 24, 2014 or the case will be dismissed for failure to prosecute without further warning.

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

Valentino Amaro
#993696031
BCDC
401 East Eager Street
Baltimore, MD 21202